# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TAMMY M. MEEKS                                                      PLAINTIFF

V.                  NO. 4:18CV00362 BRW-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction**

Plaintiff, Tammy M. Meeks ("Meeks"), applied for disability benefits on June 10, 2015, alleging a disability onset date of October 1, 2014 (Tr. at 15).[1] After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application

---

[1] During the administrative proceedings before the ALJ, Meeks was represented by an attorney. In appealing the denial of benefits to this Court, Meeks is appearing *pro se*.

on September 22, 2017. (Tr. at 25). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. Discussion

The ALJ found that Meeks had not engaged in substantial gainful activity since October 1, 2014, the date she alleged she became disabled. (Tr. at 17). At Step Two, the ALJ found that Meeks had the following severe impairments: osteoarthritis, status post bilateral hip replacement, rotator cuff tear of the left shoulder, and depression. (Tr. at 18).

After finding that Meeks' impairment did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Meeks had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she could only occasionally stoop, kneel, crouch, or crawl; (2) she could only occasionally work overhead or reach overhead with the left upper extremity; and (3) she could perform simple, routine tasks, with only occasional changes in a routine work setting. (Tr. at 19-20).

Based on Meeks' RFC, the ALJ determined that she was able to perform past relevant work as a house cleaner. (Tr. at 24). The ALJ then proceeded to Step Five,

and, relying on the testimony of a Vocational Expert ("VE"), made the alternative finding that, based on Meeks' age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, specifically cafeteria attendant, price marker, and small parts assembler. (Tr. at 25). Thus, the ALJ held that Meeks was not disabled. *Id.*

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Meeks' Arguments on Appeal

Meeks contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues generally that the RFC did not fully incorporate her limitations arising from scoliosis, hip pain, and depression. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

According to Meeks, she was diagnosed with scoliosis in the ninth grade, and she suffered from back pain and trouble walking since then. (Tr. at 39, 43). She had hip surgery in 2009 and 2013, before the relevant time-period. (Tr. at 38). She also had outpatient therapy for depression for a short time.

However, in October 2014, she had minimal back pain, with no radiation, and normal range of motion. (Tr. at 318-320). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Meeks was ambulatory and taking no pain medication. (Tr. at 319, 326). She had normal motor and sensory functioning. (Tr. at 320). She was treated conservatively with medication. *Id*. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

When Meeks went to the doctor in December 2014 for a headache, she denied musculoskeletal problems. (Tr. at 308-311). She had normal range of motion in her back and normal strength. (Tr. at 309). Again, normal findings support a finding that a claimant is not disabled.

Meeks then waited for six months to seek treatment of any kind. In June 2015, her doctor found hyperextension of the thoracolumbar curve, with some decreased flexion, and only moderate pain. (Tr. at 354-360). She also was diagnosed with a left rotator cuff tear. (Tr. at 354). Her doctor continued with conservative treatment in July and August 2015. (Tr. at 351-352, 358, 419-420). Meeks did not require pain management, steroid injections, or surgery.

Meeks sought treatment for a headache after an August 2016 car wreck, but at the time she was taking no pain medication and a musculoskeletal exam was

5

normal. (Tr. at 455-456). X-rays did show moderate degeneration in the cervical and thoracic spine, but no fractures of dislocations. (Tr. at 456). She was discharged that day with Ibuprofen and Tylenol. *Id.* Meeks was pain free with no tenderness or inflammation by October 2016. (Tr. 443). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Meeks experienced improvement in her hips after surgery (left hip in 2009 and right hip in 2013). In January 2014, six months after the right hip surgery, she showed "significant" improvement and did not walk with assistive devices. (Tr. at 291). She had good motion of the hip and a smooth, even gait. *Id.* In August 2015, her hip prostheses looked good, and a hip x-ray from 2013 was unremarkable. (Tr. at 341, 420).

As for depression, Meeks' symptoms arose from situational stress. Her mental status exams were normal, overall, with appropriate mood and effect and normal insight and judgment. (Tr. at 308-309, 362). Meeks did receive therapy at Professional Counseling Associates a few times in 2015, but she admitted at the hearing that she had not been in a year and a half, and that she was not taking depression medication. (Tr. at 41, 49). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d

1043, 1045 (8th Cir. 1997). A clinic note from October 2016 showed Meeks had no anxiety, depression, or intellectual disturbance. (Tr. at 443).

State-agency reviewing doctors found no severe mental impairment (Tr. at 91, 106), but owing to some treatment for depression and Meeks' testimony that she was a delayed learner, the ALJ imposed work place mental restrictions in the RFC. After crediting Meeks' testimony and considering the overall record, the ALJ fairly evaluated Meeks's mental impairments, as reflected by the mental restrictions he included in her RFC.

Moreover, Meeks indicated she could do things like perform chores, fix meals, drive, and shop in stores. (Tr. at 44, 50). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). She also admitted that, during the relevant time-period, she worked for five months at Popeye's and as a house cleaner. (Tr. at 38, 45). Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

The ALJ properly considered Meeks' mild clinical findings, improvement over time, conservative treatment, and ability to do some activities of daily living in arriving at the RFC for light work. He committed no error.

## III. Conclusion

There is substantial evidence to support the Commissioner's decision that Meeks was not disabled. The ALJ properly considered all of the evidence to incorporate Meeks' established limitations into the RFC.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 9th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE